## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **Criminal Action No. 15-00265-KD-C** |
| | ) | |
| JUSTIN JAMES NATIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on Defendant Justin James Nations' "Verified Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)" (doc. 36), the United States' response (doc. 39), Nations' reply (doc. 40), and letter in support (doc. 41).[1]  Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

I.      Background

In November 2015, Nations was indicted for the offense of conspiracy to possess with intent to distribute methamphetamine ICE (Count One) (doc. 1).  Nations was arrested in March 2016.  At arraignment, the United States moved to detain (doc. 10).  The motion was denied and Nations was released on conditions (doc. 12). In August 2016, Nations' conditions of release were revoked and he was detained pending sentencing (doc. 25).[2]

---

[1] Nations' girlfriend Charlene Siemen writes that Nations has rehabilitated himself while in prison, completed college classes, learned how to keep a job, and "most importantly he has learned that the choices he made are what led him down this path" (doc. 41).  She also writes that Nations "now knows that in order to be an active part in" their eleven-year old daughter's life, "he has to do right and stay out of prison" (Id.).  She plans to provide financial and emotional support to Nations (Id.)

[2] Nations tested positive for methamphetamine twice, admitted use of methamphetamine once, failed to report for a random drug screen, failed to meet curfew on 12 days, and failed to resolve an outstanding warrant (doc. 27)

Pursuant to a written plea agreement, Nations pled guilty to Count One (doc. 19, 20).  He was classified as a career offender pursuant to U.S.S.G. § 4B1.1(b).  His criminal history category was VI, [3] his total offense level was 37, and his advisory guidelines range was 360 months to life (doc. 27).  However, in September 2016, Senior United States District Judge Charles R. Butler, Jr., granted the United States' motion for downward departure and sentenced Nations to 151 months (doc. 33, Judgment).  The Court recommended that Nations participate in substance abuse treatment while incarcerated and incarceration at an institution which could provide medical care for his Type I diabetes and HIV (Id.) (doc. 33, doc. 27).

Nations is now 31 years old.  He is incarcerated at FCI Coleman Low, at Sumterville, Florida.  His release date is May 1, 2027.  He has served approximately 54 months of his 151-month sentence.

II.     Motion for Reduction of Sentence and/or Compassionate Release

A.     Statutory prerequisites

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" if certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

---

[3] Nations' criminal history category was V, without application of the career offender provision. His prior state court convictions resulted in a score of 9. Since he committed the instant offense while subject to a sentence for two prior state court offenses, two points were added for a total score of 11 (doc. 27).

Nations states that on April 24, 2020, he submitted a request to the Warden to file a motion on his behalf and at the time of filing his motion, August 2020, he had not received a response (doc. 36, p. 4; doc. 36-4, Reduction in Sentence Application). The United States does not dispute that more than thirty days lapsed before Nations filed his motion and that he complied with the procedural requirements (doc. 40, p. 9, 13). Therefore, Nations has met the statutory prerequisites for consideration.

B.      Analysis

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020) (citing 18 U.S.C. § 3582(c)). Title 18 U.S.C. § 3582(c)(1)(A) provides for modification or reduction of a sentence i.e., compassionate release. Since Nations is 31 years old, only subparagraph (i) could apply.[4]

The compassionate release provision 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, provides that the district court "upon motion of the defendant after the defendant" has met certain statutory prerequisites, see supra, ¶ A, "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that

---

[4] Subparagraph (ii) provides for a reduction of sentence when "the defendant is at least 70 years of age, has served at least 30 years in prison" and other factors are met. 18 U.S.C. § 3582(c)(1)(A)(ii).

"extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The applicable Policy Statement is found at U.S.S.G. § 1B1.13.

With respect to extraordinary and compelling reasons, Nations alleges that Covid 19 has infected over 200 inmates FCI Coleman Low, that "dozens of staff members out", and two inmates have died since the pandemic began (doc. 36, p. 2).[5]  He argues that because he has Type 1 Diabetes with neuropathy, HIV and Hepatitis C which weaken his immune system, and obesity, he is "medically vulnerable to Covid-19" and therefore, at a higher risk of severe illness should he contract the virus. Nations points out that the Centers for Disease Control and Prevention identify persons with his illnesses and body mass index as among those at higher risk of severe illness if they contract Covid 19 (Id., p. 2-5).  He argues he cannot protect himself from Covid 19 because he cannot practice social distancing in prison (Id.).

The United States confirms Nations' diagnoses (doc. 39, p. 13; p. 8, n.1).  The United States concedes that based upon guidelines from the CDC, Nations' medical conditions place him at increased risk of severe illness during the Covid 19 pandemic (Id., p. 13). The United States explains that an inmate's chronic medical condition, if identified by the CDC as "elevating the inmate's risk of becoming seriously ill from Covid-19 . . .  reasonably may be found to be 'serious' and 'substantially diminish[ their ability] to provide self-care within the environment of a correctional facility' even if that condition would not have constituted an 'extraordinary and compelling reason' absent the risk of Covid 19" (Id., p. 11-12) (citing Application Note 1(A)(ii)(I) of the Policy Statement [§1B1.13] and noting CDC, *People with Certain Medical*

---

[5] Nations filed his motion in August 2020.  At present, 1 inmate and 24 staff members are positive for Covid 19, 201 inmates and 12 staff have recovered, and 1 inmate and 1 staff  have died. https://www.bop.gov/coronavirus/ (last visited January 11, 2021).

*Conditions*, available at  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical conditions/.html) (as updated November 2, 2020)).

However, the United States argues that Nations' motion should be denied because of his conduct in this action and his criminal history (doc. 39, p. 13-14).  The United States points out that Nations' criminal history and his conduct in this case resulted in an advisory guidelines range of 360 months and that his below-guidelines sentence of 151 months (of which he has served less than half) "remains fair, appropriate and necessary to deter crime, and to protect the community" and should not be modified (Id., p. 14, citing 18 U.S.C. § 3553(a)).  The United States also argues that Nations' non-compliance with conditions when released pending sentencing, "further militates against his early release" (Id.).

Nations does not dispute his convictions in 2008 and 2009 but argues that he then "spent almost a decade without criminal activity until the instant offense" (doc. 40, p. 2). He also argues that the United States "places too far weight on [his] pre-conviction criminal history, and places no weight whatsoever on his post-conviction history" (Id.) (underlining in original).  He argues that he is no longer the same person as when he was sentenced.  Nations points out that he has "completed several recidivism reducing classes and programs, and is also employed by the FPI UNICOR factory, which was identified by Congress, via the First Step Act as recidivism reducing programming" (Id., p.2-3).  Nations argues that the United States' argument "is pure speculation" and points out that an Office of Inspector General Report states that "defendants released through the Compassionate Release Program are less than a tenth as likely to recidivate as the average federal prisoner" (Id., p. 3).  He also argues that the Court may "mitigate any danger of recidivism through conditions of supervised release (e.g. Federal Location

Monitoring)" (Id.). Nations also states that his mother has died and that she "was a driving force behind his drug use" (Id.).

"Extraordinary and compelling" reasons are not defined in the statute. 18 U.S.C. § 3582(c)(1)(A). Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

Before the First Step Act was enacted, the Sentencing Commission promulgated the following policy statement, with criteria and examples:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons for consideration of a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). Here, based upon CDC guidance, the United States concedes that during the

Covid 19 pandemic, Nations falls within the criteria of Application Note 1(A)(ii)(I), which

provides that an extraordinary and compelling reason exists if the defendant is -

> (I) suffering from a serious physical or medical condition, . . . that substantially
> diminishes the ability of the defendant to provide self-care within the environment
> of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I).[6]

However, even if Nations met his burden to show extraordinary and compelling reasons

which warrant a sentence reduction under Application Note 1(A)(ii)(I), the Court must still

weigh the applicable sentencing factors. 18 U.S.C. § 3582(c)(1)(A) (the court . . . may reduce

the term of imprisonment . . . after considering the [applicable] factors set forth in 18 U.S.C. §

3553(a).").   In that regard, the Court has considered Nations' history and characteristics.  The

Court acknowledges Nations' unstable childhood and history of substance abuse, and that his

first methamphetamine-related offense occurred when he was 18 years old.  In March 2008,

Nations was convicted in state court of possession with intent to distribute methamphetamine

(doc. 27, p. 6).  As a first offender, he was sentenced to ten years probation.  As a condition of

probation, Nations was ordered to complete one-year of inpatient drug treatment (Id., p. 6-7).

In February 2010, a petition to revoke was filed based on a new arrest (see infra, arrest of

April 2009).  In March 2010, his probation was revoked and he was sentenced to five years to

serve concurrent with any other sentence.  Nations was released on parole in July 2012.  He

---

[6] Nations does not allege that he has a terminal illness, a serious functional or cognitive
impairment, or that he is experiencing deteriorating physical or mental health because of the
aging process, such that his ability to provide self-care in prison is substantially diminished.  He
does not allege that his family circumstances meet the criteria in Application Note 1(C), or that
he meets the age requirement in Application Note 1(B) (at least 65 years old). U.S.S.G. §
1B1.13, cmt. n. 1(A)(i), (ii)(II)&(III), (B) & (C).

violated his parole in September 2012, January 2013, February 2013, and March 2013, but was allowed to continue on parole. (Id., p. 6-7).

In April 2009, Nations was charged in state court with possession of methamphetamine with intent to distribute.  In March 2010, he pled guilty and was sentenced to five years to serve concurrent with any other sentence he was currently serving.  He was ordered to participate in substance abuse treatment. (Id., p. 8). [7]  In August 2012, a withdrawn criminal action was reinstated.  (Previously in 2008, Nations was charged in state court with unlawful possession of methamphetamine.)  He pled guilty and was sentenced to two years confinement but received two years jail credit. He was ordered to participate in inpatient drug treatment (doc. 27, p. 7-8). At the time of sentencing in this Court in 2015, charges were pending against Nations for theft by receiving stolen property.

The Court has also considered the nature and circumstances of his offense and finds that these factors do not weigh in favor of a sentence reduced to time served. 18 U.S.C. § 3553(a)(1). According to the factual resume, Nations provided methamphetamine ICE to S.H. in Baldwin County, Alabama.  Over a two-to-three month period, S.H. made five trips to Atlanta, Georgia to purchase ICE from Nations.  Nations admitted travelling several times a month to meet with S.H. in Baldwin County. Nations also admitted that the United States could prove his involvement with more than 100 grans of ICE.

Nations was given the opportunity for drug abuse treatment and to stop dealing methamphetamine on at least three occasions before he committed the offense of conviction. After obtaining release on conditions in this Court, he violated his conditions and was taken into custody.  In this circumstance, early release would not meet the need for the sentence imposed to

---

[7]  In September 2012, Nations pled guilty to disorderly conduct and was sentenced to one year of probation.  He pushed his girlfriend Charlene Siemens (doc. 27, p. 9).

"reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B), & (C).  Accordingly, Nations' motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

DONE this the 12th day of January 2021.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**